UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREGORY ALAN PUTZKE,

    Applicant,

v.                              CASE NO. 5:24-cv-18-SDM-PRL

SECRETARY, Department of Corrections,

    Respondent.

_____/

## **ORDER**

Putzke applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for trafficking in methamphetamine and possession of drug paraphernalia.  Putzke is imprisoned for fifteen years.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 11)  The respondent concedes that the application is timely but argues that some grounds are unexhausted and procedurally defaulted.  (Doc. 10)

## **I.  BACKGROUND**

On April 22, 2017, a trooper with the Florida Highway Patrol stopped Putzke on I-75 in Sumter County.  Putzke had been "following too closely to other traffic," and his license plate did not belong to his vehicle.  (Respondent's Exhibit 1 at 16) Another trooper arrived and directed his K-9 to sniff the exterior of the vehicle.  The K-9 alerted to the presence of narcotics.  A search of the vehicle uncovered more than thirteen pounds of methamphetamine in six plastic bags.

Putzke was charged with trafficking in methamphetamine (200 grams or more) and possession of drug paraphernalia. (Respondent's Exhibit 1 at 21–22) The trafficking offense carried a fifteen-year mandatory minimum. (Respondent's Exhibit 1 at 21) Putzke pleaded guilty to both offenses and entered a substantial assistance agreement with the State of Florida. (Respondent's Exhibit 1 at 45–56; Respondent's Exhibit 3 at 269–76) Under the agreement, the State would recommend a fifteen-year sentence if Putzke failed to provide information leading to an arrest. But if Putzke's assistance led to "a prosecutable trafficking case," the State would recommend a lower sentence and ask the court to waive the mandatory minimum. (Respondent's Exhibit 3 at 273–74) Sentencing was postponed nine months to allow Putzke to gain his benefit under the agreement.

Because Putzke failed to provide the necessary assistance, the State recommended a fifteen-year sentence. (Respondent's Exhibit 1 at 133–34, 44) The court sentenced Putzke to fifteen years' imprisonment for trafficking in methamphetamine and to time served for possession of drug paraphernalia. (Respondent's Exhibit 1 at 154–56) Three weeks later, Putzke moved *pro se* to withdraw his plea. (Respondent's Exhibit 1 at 89–91) The court denied the motion after an evidentiary hearing. (Respondent's Exhibit 3 at 279–82) Putzke's direct appeal was unsuccessful, as were his efforts at post-conviction relief under Florida Rules of Criminal Procedure 3.800(a) and 3.850. (Respondent's Exhibits 6, 8, 11, 15, 16) This federal habeas application followed. (Doc. 1)

## II. EXHAUSTION AND PROCEDURAL BAR

The respondent correctly argues that ground one is barred from federal review because Putzke failed to exhaust his state-court remedies. (Doc. 10 at 11–13) "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). An applicant must present to the federal court the same claim presented to the state court. *See Picard*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). "Mere similarity of claims is insufficient to exhaust." *Henry*, 513 U.S. at 366.

As *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), explains, an applicant must alert the state court that he is raising a federal claim and not just a state law claim:

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

"It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." *Anderson v.*

- 3 -

*Harless*, 459 U.S. 4, 6 (1982).  Consequently, "a petitioner with a claim that could arise under state or federal law must clearly indicate to the state courts that he intends to bring a federal claim."  *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 458 (11th Cir. 2015).

In ground one, Putzke argues that the trial court violated his right to due process by denying his motion to withdraw his guilty plea.  (Doc. 1 at 5)  This ground is unexhausted because Putzke failed to make the state court aware that he intended to assert a federal claim.  On direct appeal, Putzke did not contend that the rejection of his request to withdraw the plea violated any federal right.  Nor did he cite any provision of the federal constitution.  Instead, Putzke maintained that he was entitled under Florida law to withdraw his plea.  (Respondent's Exhibit 4 at 7–10)  Consequently, Putzke did not "fairly present" his federal claim to the state court. *See Baldwin*, 541 U.S. at 27; *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352 (11th Cir. 2012) ("In other words, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues."); *Thomas v. Sec'y, Dep't of Corr.*, 2018 WL 11303563, at *4 (11th Cir. July 31, 2018) (plea-withdrawal claim unexhausted because petitioner "did not cite the Fourteenth Amendment . . . or any other federal law or constitutional provision in his initial brief on appeal").

Because Putzke did not fairly present his federal claim to the state court, ground one is unexhausted and barred from federal review absent a showing of "actual cause and prejudice" or a "fundamental miscarriage of justice." *Coleman v.*

- 4 -

*Thompson*, 501 U.S. 722, 750 (1991); *see also Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must establish "not merely that the errors . . . created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs only if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *House v. Bell*, 547 U.S. 518, 536–37 (2006).

Putzke fails to establish either cause and prejudice or a fundamental miscarriage of justice. Therefore, ground one is procedurally barred from federal review.

### III. <u>MERITS</u>

#### <u>Grounds Two and Three:</u>

Putzke contends that the trial court violated double jeopardy by sentencing him to fifteen years' imprisonment for trafficking in methamphetamine. (Doc. 1 at 13) According to Putzke, the sentence was unlawful because he pleaded guilty to

a lesser offense — possession of methamphetamine. (Doc. 1 at 13)  Putzke bases his claim on a misstatement the trial court made during the plea colloquy.  Specifically, the court asked, "[Y]ou're entering a plea of guilty to possession of methamphetamine, two hundred grams of more and . . . possession of drug paraphernalia.  Is that correct?  (Respondent's Exhibit 1 at 123)  Putzke answered, "I am, yes, sir."  (Respondent's Exhibit 1 at 123)  The court misspoke.  Under the signed plea agreement, Putzke agreed to plead guilty to trafficking in methamphetamine, not possession of methamphetamine.  (Respondent's Exhibit 1 at 45, 56)  Putzke argues that the court's misstatement "amend[ed] . . . the charging information" and resulted in a "guilty plea to possession of methamphetamine." (Doc. 1 at 14)

Even under *de novo* review, this claim fails.[1]  The information charged Putzke with trafficking in methamphetamine and possession of drug paraphernalia. (Respondent's Exhibit 1 at 21–22)  The signed plea agreement states that Putzke "wish[es] to withdraw [his] plea of not guilty and plead guilty to Count 1: Trafficking in Methamphetamine, 200 Grams or More; and Count 2: Possession of Drug Paraphernalia."  (Respondent's Exhibit 1 at 45)  At the beginning of the plea hearing, the prosecutor informed the court that Putzke agreed to plead guilty to "the two counts in the information as charged."  (Respondent's Exhibit 1 at 121)  The court noted that count one — trafficking in methamphetamine — carried a fifteen-year

---

[1] The respondent argues that Putzke's double-jeopardy claim is procedurally defaulted, but "a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event." *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020).

mandatory minimum.  (Respondent's Exhibit 1 at 121)  After the plea colloquy, the court found "a factual basis for [the] plea and that [Putzke] entered this freely and voluntarily."  (Respondent's Exhibit 1 at 126)

The court later entered a written order "accept[ing]" Putzke's guilty plea. (Respondent's Exhibit 1 at 56)  The order included a copy of the plea agreement, which (as noted above) stated that Putzke intended to plead guilty to trafficking in methamphetamine.  (Respondent's Exhibit 1 at 45–56)  The order found that Putzke's "plea, as outlined above [*i.e.*, in the attached plea agreement], was freely, knowingly, and voluntarily entered by [him]."  (Respondent's Exhibit 1 at 56)  Thus, Putzke pleaded guilty to trafficking in methamphetamine, not possession of methamphetamine, and the court properly sentenced him for the former offense.

The court's misstatement during the plea colloquy does not alter this conclusion.  The mistaken reference to possession of methamphetamine did not change the offense to which Putzke pleaded guilty.  Indeed, "[a] plea to an offense less than the offense charged can only be accepted by the court where the State consents." *State v. Turnquest*, 782 So. 2d 993 (Fla. 4th DCA 2001).  The State never consented to Putzke's pleading guilty to the lesser offense of possession of methamphetamine.  Consequently, the court could not have accepted the plea mistakenly but harmlessly announced by the court.  *See State v. Mitchell*, 486 So. 2d 63, 64 (Fla. 4th DCA 1986) ("[A] plea to a lesser offense may be accepted only with the consent of the state attorney.").

Putzke separately contends that trial counsel should have raised his double-jeopardy challenge to the trafficking sentence.  (Doc. 1 at 9)  Even under *de novo* review, this claim fails because counsel had no obligation to raise Putzke's frivolous argument.  *See Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

## IV. CONCLUSION

Putzke's application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Putzke and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Putzke fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Putzke must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Ocala, Florida, on March 2, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 8 -